# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SAMPLE | : | CIVIL ACTION NO.: 2:19-cv-00051 |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of Defendants, Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, and Linwood Norman's Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b), and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37(b) and the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), due to Plaintiff's repeated failure to comply with discovery obligations and court orders (ECF Nos. 54, 56).

BY THE COURT:

_____
Honorable Gerald J. Pappert

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SAMPLE | : | CIVIL ACTION NO.: 2:19-cv-00051 |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

### ALTERNATIVE ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of Moving Defendants' Second Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (ECF No. 57), the accompanying Memorandum of Law, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED IN PART** as follows:

1. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), Plaintiff is **PRECLUDED** from introducing any evidence not previously disclosed during discovery due to Plaintiff's failure to comply with discovery obligations, including Defendants' First Set of Interrogatories and Requests for Production of Documents served on January 24, 2025, and prior Court Orders (ECF Nos. 54, 56).

2. Plaintiff shall pay Defendants' reasonable attorneys' fees and costs incurred in connection with this Motion and prior motions to compel (ECF Nos. 52, 55). Defendants shall submit an affidavit detailing such fees and costs within 14 days of this Order.

3. Plaintiff is **ORDERED** to provide complete, verified responses to Defendants' First Set of Interrogatories and Requests for Production of Documents within 7 days of this

Order. Failure to comply will result in further sanctions, including dismissal, upon Defendants' renewed motion.

4. All deadlines set forth in the February 24, 2025 Scheduling Order (ECF No. 49) are extended by 30 days to permit Defendants to conduct Plaintiff's deposition. Plaintiff is Plaintiff is prohibited from taking depositions or introducing documents not previously produced during discovery.

**BY THE COURT:**

_____
Honorable Gerald J. Pappert

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SAMPLE | : | CIVIL ACTION NO.: 2:19-cv-00051 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

### DEFENDANTS' SECOND MOTION FOR SANCTIONS AGAINST PLAINTIFF PURSUANT TO FED. R. CIV. P. 37(B)

Defendants, Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, and Linwood Norman (collectively, "Moving Defendants"), by and through their undersigned counsel, Marshall Dennehey, P.C., respectfully move this Honorable Court for sanctions against Plaintiff, Charles Sample, pursuant to Federal Rule of Civil Procedure 37(b) for his repeated failure to comply with discovery obligations and court orders. For the reasons set forth in the accompanying Memorandum, Moving Defendants request dismissal with prejudice of Plaintiff's claims or, alternatively, other appropriate sanctions as outlined in the proposed Alternative Order.

Plaintiff has consistently failed to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents, served on January 24, 2025, despite a 10-day letter, a Motion to Compel (ECF No. 52), and two court orders (ECF Nos. 54, 56) mandating responses by March 31, 2025, and May 2, 2025. For the reasons set forth more fully in the accompanying Memorandum of Law, Plaintiff's willful disregard for his discovery obligations under the Federal Rules of Civil Procedure and this Court's orders satisfies the *Poulis* factors, warranting dismissal with prejudice. See *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984).

**WHEREFORE**, Moving Defendants, Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, and Linwood Norman respectfully request that this Court:

1. Dismiss Plaintiff's claims with prejudice under Fed. R. Civ. P. 37(b)(2)(A)(v) and the *Poulis* factors;

2. Alternatively, impose sanctions such as precluding Plaintiff from introducing evidence related to the requested discovery and taking any depositions; and

3. Award Defendants' reasonable attorneys' fees and costs incurred in pursuing this motion and prior motions to compel, per Fed. R. Civ. P. 37(b)(2)(C).

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
D. CONNOR WARNER, ESQUIRE
Attorney ID Nos. 71265 / 332427
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-5288 Fax (215) 575-0856
Email:  dcwarner@mdwcg.com
*Attorneys for Defendants,*
*Thomas Liciardello, Brian Reynolds, Perry Betts,*
*Michael Spicer, John Speiser and Linwood Norman*

Date:  May 27, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SAMPLE | : | CIVIL ACTION NO.: 2:19-cv-00051 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, MICHAEL SPICER, JOHN SPEISER, AND LINWOOD NORMAN'S SECOND MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER**

**I. INTRODUCTION**

Moving Defendants seek sanctions, including dismissal with prejudice, due to Plaintiff's flagrant and ongoing failure to comply with discovery obligations and this Court's orders. Despite multiple opportunities, clear deadlines, and explicit warnings, Plaintiff has failed to respond to multiple Orders from this Honorable Court regarding Defendants' discovery requests, severely prejudicing Defendants' ability to defend this action. This conduct has imposed unnecessary costs, including attorneys' fees for repeated motions and correspondence, and threatens irreparable harm as the discovery deadline looms. Plaintiff's continuous disregard for the Federal Rules of Civil Procedure and this Court's Orders warrants sanctions under Federal Rule of Civil Procedure 37(b) and the factors articulated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

**II. QUESTION PRESENTED**

Whether this Honorable Court should grant Moving Defendants' Motion for Sanctions, including dismissal with prejudice, under Federal Rule of Civil Procedure 37(b) and the *Poulis*

factors, where Plaintiff has repeatedly failed to comply with discovery obligations and two court orders (ECF Nos. 54, 56), causing substantial prejudice to Defendants through an inability to prepare a defense and unnecessary litigation costs, and demonstrating a willful disregard for the Federal Rules of Civil Procedure and this Court's authority?

  Suggested Answer: **Yes.**

### III.  RELEVANT FACTUAL BACKGROUND

This action arises from Plaintiff's arrest by Officer Thomas Liciardello on January 6, 2011, related to bellwether litigation involving the Philadelphia Police Department's Narcotics Field Unit. See ECF No. 1. The case was placed in civil suspense on March 10, 2020 (ECF No. 3) and restored to the active docket on November 15, 2023 (ECF No. 5). Plaintiff filed an Amended Complaint on April 4, 2024 (ECF No. 23), and Defendants filed their Amended Answer on January 24, 2025 (ECF No. 46).

On January 24, 2025, Moving Defendants served Plaintiff with their First Set of Interrogatories and Requests for Production of Documents, with responses due by February 24, 2025, pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A). Plaintiff failed to respond. On February 25, 2025, Defendants' counsel sent a 10-day letter requesting an update, to which Plaintiff's counsel did not respond. Despite repeated attempts to resolve the issue, Plaintiff provided no discovery responses.

On March 11, 2025, Defendants filed a Motion to Compel (ECF No. 52), to which Plaintiff did not respond. On March 21, 2025, this Court issued an Order (ECF No. 54) directing Plaintiff to provide verified discovery responses within 10 days, warning that failure to comply could result in sanctions upon further motion. Plaintiff did not comply. On April 2, 2025, Defendants filed a Motion for Sanctions (ECF No. 55), to which Plaintiff did not respond. On April 25, 2025, this

Court issued another Order (ECF No. 56), requiring Plaintiff to provide verified responses by May 2, 2025, and permitting Defendants to file for sanctions under Rule 37(b) if Plaintiff failed to comply. As of this filing, Plaintiff has not provided the required responses nor has he indicated when Defendants can expect to receive same, with the discovery deadline set for May 27, 2025, per the Scheduling Order (ECF No. 49).

### IV. LEGAL STANDARD

Federal Rule of Civil Procedure 34 entitles Defendants to full, complete, and verified responses to their Requests for Production of Documents. *See* Fed. R. Civ. P. 34. Rule 37(b) authorizes sanctions for failure to obey a discovery order, including: (i) taking designated facts as established; (ii) prohibiting the disobedient party from supporting or opposing claims or introducing evidence; (iii) striking pleadings; (iv) staying proceedings; (v) dismissing the action; (vi) rendering default judgment; or (vii) treating non-compliance as contempt. *See* Fed. R. Civ. P. 37(b)(2)(A). The rule's purposes are to penalize the culpable party, deter similar conduct, compensate for expenses caused by abusive conduct, and compel discovery. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006); see also *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985). Courts also possess inherent authority to dismiss actions for litigation abuses. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *Republic of Phil. v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 n.10 (3d Cir. 1995); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 566 (3d Cir. 1985).

The Third Circuit's *Poulis* factors guide whether dismissal is warranted: (1) the party's personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willful or bad faith conduct; (5) effectiveness of alternative sanctions; and (6) meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984); *see also*

*Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994). Not all factors need weigh in favor of dismissal, and no single factor is dispositive. *C.T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

**V.     LEGAL ARGUMENT**

Plaintiff's disregard for this Court's orders and discovery obligations mandates sanctions under Rule 37(b). The *Poulis* factors overwhelmingly support dismissal with prejudice, as Plaintiff's actions have significantly prejudiced Defendants, imposed unnecessary costs, and obstructed the judicial process.

  **A.  *Personal Responsibility of Plaintiff***

Plaintiff bears full responsibility for his failure to comply with discovery requests and two court orders (ECF Nos. 54, 56). As the client, Plaintiff is accountable for the actions or omissions of his counsel, who acts as his agent in this litigation. See *Poulis*, 747 F.2d at 868 (stating that "a client cannot always avoid the consequences of the acts or omissions of its counsel); see also, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 1390 (1962). Plaintiff has ignored Defendants' First Set of Interrogatories and Requests for Production of Documents, a 10-day follow-up letter, a motion to compel, a motion for sanctions, and explicit court directives, without offering any explanation—such as illness, financial hardship, or miscommunication with counsel—that might mitigate his responsibility.

This pattern of inaction mirrors the "callous disregard of responsibilities" condemned by the Supreme Court in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976), where dismissal was affirmed after "crucial interrogatories remained substantially unanswered" despite multiple extensions and court admonitions over 17 months. Similarly, in

this case, Plaintiff's prolonged failure to engage in discovery reflects a willful neglect of his obligations. The Complaint, filed on January 4, 2019, initiated this litigation over six years ago (ECF No. 1). Shortly thereafter, on January 23, 2019, the case was placed in suspense pending the resolution of bellwether litigation related to the Narcotics Field Unit (ECF No. 3). On November 15, 2023, the Honorable Paul S. Diamond restored the case to the active docket (ECF No. 13), and on November 17, 2023, it was reassigned to this Honorable Court (ECF No. 14). Despite this reactivation and subsequent court orders, Plaintiff has failed to respond to discovery obligations or court directives, even after explicit warnings of sanctions.

Given this extensive procedural history, Plaintiff was, or reasonably should have been, aware of his counsel's dilatory conduct. His complete silence, despite repeated opportunities to comply, underscores his personal culpability. This factor strongly favors dismissal.

### B. Prejudice to Defendants

Plaintiff's non-compliance has caused substantial and irreparable prejudice to Defendants. Prejudice to a defendant can result from plaintiff's failure to respond to discovery, thereby denying a defendant the opportunity to prepare a defense to plaintiff's claims. See *Poulis*, 747 F.2d at 868; see also *Nelson v. Berbanier*, Civ. A. No. 1:05-CV-1490, 2006 WL 2853968, at *1 (M.D. Pa. Oct. 4, 2006). Prejudice to the adversary includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

Here, the withheld discovery, including interrogatory responses and documents related to Plaintiff's allegations of misconduct by the Narcotics Field Unit, is critical to Defendants' ability to investigate the claims, identify witnesses, and prepare for depositions. Without this

information, Defendants cannot assess the factual basis of Plaintiff's claims or develop a defense strategy, effectively stalling the litigation. See Poulis, 747 F.2d at 868. Plaintiff's refusal to provide discovery has prevented Defendants from deposing him, identifying key evidence, or meeting the May 27, 2025, discovery deadline, risking further delays. Additionally, Defendants have incurred significant costs, including attorneys' fees for drafting a 10-day letter, a motion to compel, and two sanctions motions. This prejudice, including the potential loss of evidence and increased litigation costs, strongly supports dismissal.

### C. History of Dilatoriness

"'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe v. Klaus, 538 F.3d 252, 260-61 (3d Cir. Pa. 2008) (citing Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-78 (3d Cir. 1994)). In this case, Plaintiff has exhibited a clear pattern of dilatoriness since January 24, 2025. He failed to provide mandatory Rule 26 initial disclosures, ignored Defendants' discovery requests by the February 24, 2025, deadline, disregarded a follow-up letter on February 25, 2025, and did not oppose Defendants' Motion to Compel (ECF No. 52). Plaintiff further defied two court orders (ECF Nos. 54, 56) mandating responses by March 31, 2025, and May 2, 2025, respectively. This pattern of non-response, spanning over four months without any communication, constitutes extensive delay and delinquency, satisfying this factor.

### D. Plaintiff's Willful Conduct or Bad Faith

The fourth factor under Poulis is whether the Plaintiff's conduct was willful or in bad faith. See Poulis, 747 F.2d at 868-870. Willfulness or bad faith is "more than mere negligence," but "less than 'knowing disregard.'" Mrs. Ressler's Food Prods. v. KZY Logistics LLC, No. 16-

2173, 675 F. App'x 136, 2017 U.S. App. LEXIS 775, 2017 WL 167464, at *5 (3d Cir. Jan. 17, 2017)(quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984)). The collective weight of Plaintiff's failures to participate in the instant litigation demonstrates nothing less than willful conduct. Plaintiff consistently has failed to comply with his duty to participate in discovery. This failure to comply with the Federal Rules of Civil Procedure and Court Orders in this matter has repeatedly forced Defendants to seek Court intervention.

### E. Effectiveness of Alternative Sanctions

The effectiveness of sanctions other than dismissal is the fifth *Poulis* factor to be considered. With respect to the fifth factor, Defendant respectfully submits that any sanctions less severe than complete dismissal of Plaintiff's Amended Complaint will not be effective. The facts must speak for themselves here, and this is not the first time in the case that the Plaintiff has ignored deadlines and disregarded Court Orders. He never produced the mandatory Rule 26 Initial Disclosures. He never answered the Interrogatories and Requests for Production of Documents presently at issue. He has now failed to comply with the simplest of judicial directives: Hand over the discovery responses despite two Court Orders requiring them. Past practice strongly suggests that any sanction short of dismissal will serve only to allow Plaintiff to continue his pattern of ignoring rule of procedure and orders of Court.

### F. The Merit of Plaintiff's Claim

Under the final factor under *Poulis*, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." See *Poulis*, 747 F.2d at 869-70. Even assuming, *arguendo*, Plaintiff's claims are facially meritorious, other courts have discounted the weight accorded the meritoriousness factor, commenting "it would be a rare case in which this factor militated in favor

of a *Poulis* dismissal since such a claim would be subject to dismissal under FED. R. CIV. P. 12(b)(6)." *Wade v. Wooten*, 1993 U.S. Dist. LEXIS 10680, *12 (quoting *Long v. Chambers*, No. 90-1881 (E.D. Pa. June 14, 1991)). Furthermore, since no one factor of the *Poulis* test is determinative, a moving party need not show that all of the factors weigh in favor of dismissal. *Id.* Based on the totally of the circumstances, Plaintiff's Amended Complaint must be dismissed with prejudice. See *Martinez-Barren v. Ingram Micro, Inc.*, 2007 U.S. Dist. LEXIS 27116, *1-3 (M.D. Pa. Apr. 12, 2007) (dismissing matter based on Motion for Sanctions in light of plaintiff's failure to respond to discovery and an Order from the court advising plaintiff that failure to respond "may result in the imposition of sanctions"); *Sheaffer v. Shughart*, 2007 U.S. Dist. LEXIS 20281 (M.D. Pa. Mar. 21, 2007) (same).

Plaintiff's failure to provide discovery prevents Defendants from assessing the factual basis of his claims, undermining any presumption of merit. Plaintiff's refusal to prosecute his case through discovery further weakens this factor. Given the strength of the other *Poulis* factors, any potential merit does not outweigh the need for sanctions.

## VI.    CONCLUSION

For these reasons, Plaintiff's blatant disregard for discovery obligations and this Court's Orders demands severe sanctions under Fed. R. Civ. P. 37(b) and the *Poulis* factors. By ignoring Defendants' discovery requests, a follow-up letter, a motion to compel, a prior sanctions motion, and two explicit court directives, Plaintiff has brought this litigation to a halt, prejudiced Defendants' ability to prepare a defense, and imposed significant cost. Defendants therefore urge the Court to dismiss Plaintiff's claims with prejudice.

Should the Court find dismissal too severe, Defendants respectfully request alternative sanctions under Fed. R. Civ. P. 37(b)(2)(A), including prohibiting Plaintiff from taking any

depositions, precluding Plaintiff from introducing any documents not produced within 7 days of a court-ordered deadline, and ordering Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in connection with this motion and prior motions to compel (ECF Nos. 52, 55). Defendants therefore urge the Court to dismiss Plaintiff's claims with prejudice or, in the alternative, impose the requested sanctions to address Plaintiff's abuse of the litigation process and restore fairness to the proceedings.

                    **MARSHALL DENNEHEY, P.C.**

BY: _____
      JOHN P. GONZALES, ESQUIRE
      D. CONNOR WARNER, ESQUIRE
      Attorney ID Nos. 71265 / 332427
      2000 Market Street, Suite 2300
      Philadelphia, PA  19103
      (215) 575-5288 Fax (215) 575-0856
      Email:  dcwarner@mdwcg.com
      *Attorneys for Defendants,*
      *Thomas Liciardello, Brian Reynolds, Perry Betts,*
      *Michael Spicer, John Speiser and Linwood Norman*

Date:  May 27, 2025

## CERTIFICATE OF SERVICE

I, John P. Gonzales, Esquire, do hereby certify that a true and correct copy of Defendants Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, and Linwood Norman's Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b) was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

                                            **MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
D. CONNOR WARNER, ESQUIRE
Attorney ID Nos. 71265 / 332427
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-5288 Fax (215) 575-0856
Email:  dcwarner@mdwcg.com
*Attorneys for Defendants,*
*Thomas Liciardello, Brian Reynolds, Perry Betts,*
*Michael Spicer, John Speiser and Linwood Norman*

Date:  May 27, 2025