IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES SAMPLE,<br><br>   *Plaintiff,*<br><br> v.<br><br>CITY OF PHILADELPHIA, et. al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 19-51 |

**Pappert, J.**                                        **August 5, 2025**

## <u>MEMORANDUM</u>

  Charles Sample sued several Philadelphia police officers and the City of Philadelphia for alleged civil rights violations. Yet for nearly two years, Sample has failed to respond to his counsel's attempts to communicate with him. When Sample's silence continued in the face of several Orders and the impending close of discovery, the Officer Defendants moved for dismissal with prejudice and the City Defendants moved to join that motion. The Court denies the City Defendants' motion to join, dismisses Sample's claims against the Officer Defendants with prejudice for violating the Court's Orders, and orders Sample to respond to the City Defendants' discovery requests.

I

  Sample filed this action in January of 2019. (Compl., ECF No 1.) As one of a multitude of civil suits brought against members of the Philadelphia Police Department's Narcotics Field Unit, Sample's suit was placed in suspense while bellwether litigation proceeded. *See* (ECF No. 3). The case was restored to the active docket in November of 2023. (ECF No. 13.)

Sample then filed an Amended Complaint asserting a variety of claims against police officers and the City under 42 U.S.C. § 1983 and state law. (Am. Compl. ¶¶ 126–46, ECF No. 23.) Sample alleges that when Officer Thomas Liciardello and other officers arrested him in 2011, they stole $40,000 in cash he was carrying to purchase a car. (*Id.* ¶¶ 70–74.) Moreover, Sample says, the officers misrepresented events in police paperwork, lied at his preliminary hearing and concealed exculpatory material, all of which led to Sample being charged with drug offenses. (*Id.* ¶¶ 75–83.) Sample pleaded guilty to the charges in exchange for probation to avoid a lengthy prison sentence if convicted at trial. (*Id.* ¶ 85.) In January of 2017, Sample was granted a new trial and the charges against him were *nolle prossed*. (*Id.* ¶¶ 89–90.)

Between August and November of 2024, the Court granted in part the Officer Defendants' motion to dismiss, (ECF No. 38), granted in full another officer's motion and dismissed all claims against him, (*id.*), and granted in part judgment on the pleadings in favor of some officers, (ECF No. 43). The case proceeded to discovery on Sample's remaining fabrication-of-evidence, suppression-of-evidence, conspiracy and malicious-prosecution claims against a dozen police officers, including the Officer Defendants,[1] and his *Monell* claim against the City. Discovery was set to close on May 27, 2025, with motions for summary judgment due June 3. (Feb. 24, 2025 Scheduling Order, ECF No. 49.)

---

[1] The "Officer Defendants" are Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser and Linwood Norman. *See* (Officer Defs. Second Sanctions Mot., ECF No. 57). The other individual defendants are Officers Brown, Carlos Buitrago, Galazka, Cleaver, Charles Kapusniak, and Thomas Kuhn. *See* (City Defs. Mot., ECF No. 63). These officers are represented by the same counsel as the City, *see* (ECF Nos. 16, 31, 34, 61), and the Court uses "City Defendants" to refer collectively to those officers and the City.

The Officer Defendants filed a motion to compel pursuant to Rule 37(a) on March 11. (Mot. to Compel, ECF No. 52.) Sample failed to respond, despite an order directing him to do so. On March 21, the Court granted the unopposed motion and ordered Sample to answer the Officer Defendants' interrogatories and respond to their document production requests within ten days. (ECF No. 54.) When Sample failed to comply with the Order, the Officer Defendants moved under Rule 37(b) for unspecified sanctions. (ECF No. 55.) Sample failed to respond, and on April 25 the Court granted the motion in part, ordering Sample to respond to the Officer Defendants' discovery requests by May 2 and directing the Officer Defendants to specify their requested sanction should they file another Rule 37(b) motion. (ECF No. 56.)

Sample again failed to comply with the Court's Order to respond to the Officer Defendants' discovery requests, and they filed their current motion. (Officer Defs. Second Sanctions Mot.) This time, the Officer Defendants specifically requested the Court dismiss Sample's claims with prejudice pursuant to *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). (*Id.* at 4.) Once again, the Court ordered Sample to respond to the motion, (ECF No. 59), but he did not. After receiving a letter from the City Defendants concerning the summary judgment deadline, (ECF No. 58), the Court scheduled a telephone conference with the parties for June 13, (ECF No. 60).

That morning, Sample's counsel sent the Court a letter explaining that he had been unable to locate or contact his client, "directly []or indirectly through [] emergency contact information," since November of 2023. (Pl. Letter, ECF No. 61.) Sample's counsel also told the Court that he was considering moving to withdraw due to his

3

inability to prosecute the case without his client's cooperation.  (*Id.*)  He affirmed these statements during the telephone conference.[2]

Following the telephone conference, the City Defendants moved to join the Officer Defendants' sanctions motion, "adopt[ing] and incorporate[ing] by reference . . . each of the applicable arguments" in the motion.  (City Defs. Mot. at 2, ECF No. 63.)  The Court then stayed its scheduling order and directed Sample to respond to the sanctions motion.  (ECF No. 64.)  Sample's counsel did so, reiterating that Sample "has not responded to any of Plaintiff's counsel's attempts to contact him directly or through his emergency contact."  (Pl. Resp. to Sanctions at 3, ECF No. 65.)

II

Rule 37 authorizes district courts to sanction conduct that obstructs discovery.  *See generally* Fed. R. Civ. P. 37.  These sanctions are intended to "(1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure."  *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006).

Rule 37(b) specifically authorizes sanctions against a party who "fails to obey an order to provide or permit discovery," including an order under Rule 37(a).  Fed. R. Civ. P. 37(b)(2)(A).  In response to this failure, the court "may issue further just orders" as it sees fit.  *Id.*  Available sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "dismissing the action or proceeding in whole or in part."  *Id.*

---

[2]    Sample's counsel further detailed efforts he took to locate and contact Sample, including checking whether he had an updated address or was in custody.

4

37(b)(2)(A)(ii), (v).  Whatever the sanction, it must be "just" and "specifically related to the particular 'claim' which was at issue" in the discovery order.  *Estate of Spear v. Comm'r of IRS*, 41 F.3d 103, 109, 111 (3d Cir. 1994) (quoting *Ins. Corp. of Ireland v. Compagnie Des Bauxites*, 456 U.S. 694, 707 (1982)).

### III

### A

Sample violated the Court's Orders and the Officer Defendants seek dismissal of the suit with prejudice.[3]  Alternatively, they wish to preclude Sample from "introducing any evidence not previously disclosed during discovery due to [his] failure to comply with discovery obligations" and again order him to respond to the discovery requests.  (Officer Defs. Alt. Proposed Order, ECF No. 57.)

Before granting a sanction "tantamount to default judgment" under Rule 37(b), the Court must determine whether such a sanction would be justified under the *Poulis* factors.  *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Ali v. Sims*,

---

[3]  The Court denies the City Defendants' motion to piggyback on that of the Officers.  "Permission to join the motion of a co-party is typically granted when the arguments proffered by the party initiating the motion apply equally to the joining party and granting the motion to join will not prejudice the plaintiff."  *Bush v. Bass Energy Servs.*, No. 21-1555, 2023 WL 6542761, at *2 (M.D. Pa. Oct. 6, 2023); *id.* ("[P]arties cannot 'adopt by reference the arguments advanced by another party in a motion which the first party seeks to join.'  Instead, the party . . . is granted the benefit of any rulings on the co-party's motion which may apply with equal force to the joining party.") (citations and footnotes omitted).
  The arguments offered by the Officer Defendants do not apply to the City Defendants.  The City Defendants did not move alongside the Officer Defendants to compel Sample's response to unanswered discovery requests.  In fact, the record shows that the City Defendants didn't serve discovery requests until May 22, *see* (Pl. Resp. at 5 & Pl. Ex. P-6), so Sample's responses were not due until June 23, *see* Fed. R. Civ. P. 33(b)(2), *id.* 34(b)(2)(A) — which postdates the City Defendants' motion, *see* (City Defs. Mot. at 2).  Nor did the City Defendants subsequently move to compel under Rule 37(a) or for sanctions under Rule 37(d).
  Rule 37(b) sanctions must be both just and specifically related to the claim at issue in the violated order.  Here, the Court's Orders concerned only the Officer Defendants and so, implicitly, only Sample's claims against them.  Absent any attempt by the City Defendants to explain why they are entitled to dismissal of the claims against them in these circumstances, the Court will not dismiss Sample's claims against the City Defendants under Rule 37(b).

788 F.2d 954, 957 (3d Cir. 1986) (requiring *Poulis* analysis where a court's sanction resulted in partial summary judgment against the defendants)). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* 409 n.2 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "[N]o single . . . factor is dispositive," and there is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted).

1

The first *Poulis* factor favors sanctions. Sample's counsel has been unable to reach his client for the better part of two years, despite attempts to do so directly and through an emergency contact. Sample's failure to interact at all with his lawyer prevented counsel from responding to the Officer Defendants' discovery requests, making Sample solely responsible for violating his discovery obligations and this Court's Orders. *Cf. Miller v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660, at *11 (W.D. Pa. May 17, 2019) ("[Defendant's] failure to cooperate in discovery, even with his own attorney, is his personal responsibility."); *Bell v. LVNV Funding LLC*, No. 21-14152, 2022 WL 19558027, at *2 (D.N.J. Dec. 8, 2022), *report and recommendation adopted*, 2023 WL 2987781 (D.N.J. Jan. 10, 2023) ("Plaintiff . . . is responsible for the lack of prosecution in this case; indeed, Plaintiff's failure to cooperate in discovery

resulted in counsel's request to withdraw from representation of Plaintiff in this matter").[4]

2

The second *Poulis* factor also favors granting the motion with respect to the Officer Defendants. Prejudice to the movant is evidenced by an inability to "prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *see also Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'"). Prejudice can also come from "deprivation of information through non-cooperation with discovery." *Adams*, 29 F.3d at 874.

Sample's failure to communicate with his attorney has stymied discovery that could enable the Officer Defendants to test the veracity of his claims and prepare for trial. Moreover, Sample's discovery violations necessitated a stay of the scheduling

---

[4] Sample is not responsible for his lawyer's failure to respond to the Officer Defendants' Rule 37 motions or related Court orders. During the telephone conference, Sample's counsel admitted that his client's lack of communication did not excuse his failure to respond to the motions and convey to the Court and opposing counsel the reason for the lack of discovery responses. *See also* (Pl. Resp. at 5) ("Without his client's participation, Plaintiff's counsel was unable to provide a date certain and did not respond to the motion [to compel].") Had counsel responded to the motion to compel, the Court may have had to find that the motion was premature: the Officer Defendants sent their discovery requests prior to the parties' Rule 26(f) conference but relied on the thirty-day clock in Rules 33 and 34. *See* (Mot. to Compel at 2–3); Fed. R. Civ. P. 26(d).
   Nonetheless, counsel's failure to respond on his client's behalf does not alter the analysis or outcome here. Failure to comply with the first Order is not the sole basis for the Court's decision and has no bearing on Sample's failure to comply with the Court's second Order; compliance with the latter would have obviated the need for the present motion. Nor does counsel's failure to respond to the motion to compel alter the fact that Sample is responsible for his failure to communicate with his attorney for nearly two years — the failure that ultimately prevented the parties from completing discovery.

7

order. While a several-month delay might in some cases be minor, Sample's claims arise from an arrest that took place nearly fifteen years ago. Although his case has been in active status for less than two years, the passage of time since the events giving rise to this suit makes timely prosecution of this case more urgent and increases the prejudice (to any party) of delays that impair the ability to prepare for trial.

### 3

The third and fourth *Poulis* factors — history of dilatoriness and willful or bad faith conduct — weigh in favor of sanctions. A history of dilatoriness is demonstrated by "extensive or repeated delay or delinquency," including "consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874–75. "[A] party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Id.* at 875. And willful conduct "involves intentional or self-serving behavior," *Adams*, 29 F.3d at 875, which can be evidenced by an "[a]bsence of reasonable excuses" or "repeated failures to observe court imposed deadlines." *Roman v. City of Reading*, 121 Fed. App'x 955, 960 (3d Cir. 2005).

Here, Sample's silence has spanned nearly two years, despite his counsel's repeated efforts to get ahold of him. That silence, for which the record reflects no reasonable cause, has resulted in violation of two Court Orders and an inability to proceed with discovery and trial preparation.

### 4

The fifth *Poulis* factor — the effectiveness of sanctions other than dismissal — favors dismissal. This factor reflects the importance of hearing suits on the merits and

cautions against dismissal where other, more narrow sanctions would suffice. But here, a lesser sanction would not be effective or serve the purposes of Rule 37.

Again, Sample's lawyer has been unable to get in touch with him for nearly two years. There is no evidence that a lesser sanction, such as holding him in contempt and again ordering him to respond to the discovery requests, would prompt him to communicate with his counsel and provide the necessary assistance to prosecute his case.

5

The sixth *Poulis* factor — the meritoriousness of the claim — similarly reflects the importance of hearing suits on the merits. A claim is meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. Given Sample's failure to cooperate with his counsel, the Court cannot evaluate the merits of his claims. This factor is therefore neutral. *Cf. Jones v. Str8 From Us, LLC*, No. 24-5370, 2025 WL 1186855, at *6 (E.D. Pa. Apr. 23, 2025).

\*     \*     \*

With five factors favoring dismissal and the remaining factor neutral, the Court dismisses with prejudice Sample's claims against the Officer Defendants.[5] Since the City Defendants never moved to compel Sample to respond to its discovery requests, Sample never violated any Court order to do so. Pursuant to its authority to manage its cases and oversee the conduct of discovery, *see In re Fine Paper Antitrust Litigation*,

---

[5] Upon finding a violation of Rule 37(b), the Court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(b)(2)(C). Given the significant sanction imposed, which furthers the deterrence purposes of Rule 37, awarding costs here would be unjust. *Cf. Royer v. Robertson*, No. 22-61, 2025 WL 490626, at *3 n.4 (W.D. Pa. Feb. 13, 2025).

685 F.2d 810, 817–18 (3d Cir. 1982), the Court orders Sample to respond to the City Defendants' May 22 discovery requests, *cf. Martinez-Barren v. Ingram Micro, Inc.*, No. 06-0661, 2007 WL 576661 (M.D. Pa. Feb. 21, 2007) (construing a premature Rule 37(b) motion as a motion to compel).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.