IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES SAMPLE,<br><br>    *Plaintiff,*<br><br>    v.<br><br>CITY OF PHILADELPHIA, et. al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 19-51 |

**Pappert, J.**                                                                                                                                                         **December 29, 2025**

<u>**MEMORANDUM**</u>

      Seven years ago, Charles Sample sued several Philadelphia police officers and the City of Philadelphia for alleged civil rights violations.  But for over two years now, Sample has disregarded his obligations to prosecute his case and ignored Court Orders compelling him to do so.  The City of Philadelphia and Officers Brown, Carlos, Buitrago, Galazka, Cleaver, Kapusniak and Kuhn ("City Defendants") moved for sanctions under Federal Rule of Civil Procedure 37(b).  The Court grants the motion and dismisses all claims against them with prejudice.

I

      The Court explained Sample's dilatoriness in its August 5, 2025 Memorandum. *See Sample v. City of Philadelphia*, No. 19-51, 2025 WL 2233661, *1–*2 (E.D. Pa. Aug. 5, 2025).  Between March 11 and May 27, 2025, Sample repeatedly failed to respond to discovery requests from Officers Liciardello, Reynolds, Betts, Spicer, Speiser and Norman ("Officer Defendants") despite Court orders requiring him to do so.  *See* (Dkt. Nos. 52–56).  On May 27, 2025, the Officer Defendants moved for sanctions and dismissal of the claims against them with prejudice.  (Officer Defs.' Mot. for Sanctions,

Dkt. No. 57.)  The City Defendants then sent a letter to the Court on June 2 requesting an extension of the summary judgment deadline because Sample had yet to "conduct or produce any discovery in this instant litigation."  *See* (June 2, 2025 Letter from Irene Lu to the Court, Dkt. No. 58).  The Court ordered Sample to respond to this letter by June 5, (Dkt. No. 59), and set a status conference with the parties for June 13, (Dkt. No. 62.)  Before the conference, Sample's counsel wrote that he had been "unable to contact and/or locate my client" and was "unable to prosecute Mr. Sample's claims."  *See* (June 13, 2025 Letter from L. Kenneth Chotiner to the Court, Dkt. No. 61).

      The City Defendants subsequently moved to join the Officer Defendants' motion for sanctions.  (City Defs.' Mot. for Joinder, Dkt. No. 63.)  After the Court ordered Sample to respond, (Dkt. No. 64), his counsel asserted he "cannot make any argument" without Sample and asked that the City Defendants' motion for joinder be construed as a motion to compel given that their discovery requests had not come due yet.  (Pl.'s Resp., Dkt. No. 65.)  The requested discovery was due on June 23, and Sample produced nothing.

      On August 5, the Court granted the Officer Defendants' motion for sanctions and dismissed the claims against them with prejudice, (Dkt. No. 69), but denied the City Defendants' motion for joinder because they had not previously moved to compel Sample's responses to their discovery requests, *see Sample*, 2025 WL 2233661, at *3 n.3.  The Court thus construed the City Defendants' motion for joinder as a motion to compel, *id.*, at *5, and ordered Sample to "provide Answers and Responses to the discovery requests served by the City Defendants on May 22, 2025 on or before August 19, 2025," (Dkt. No. 69.)  Sample violated that Order.  The City Defendants wrote to

2

Sample's counsel, but he never responded.  *See* (City Defs.' Mot. for Sanctions Ex. A, Dkt. No. 71-1).  The City Defendants then on September 29 moved for sanctions under Rule 37(b) and dismissal of the claims against them with prejudice.  (City Defs.' Mot. for Sanctions, Dkt. No. 71.)  Sample did not respond, so the Court on December 2 ordered him to do so by December 22.  (Dkt. No. 72.)  Counsel never did.

## II

Federal Rule of Civil Procedure 37 authorizes district courts to sanction conduct that obstructs discovery.  *See generally* Fed. R. Civ. P. 37.  These sanctions are intended to "(1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure."  *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006).

Rule 37(b) specifically authorizes sanctions against a party who "fails to obey an order to provide or permit discovery," including an order under Rule 37(a).  Fed. R. Civ. P. 37(b)(2)(A).  In response to this failure, the court "may issue further just orders" as it sees fit.  *Id.*  Available sanctions include "dismissing the action or proceeding in whole or in part."  *Id.* 37(b)(2)(A)(ii), (v).  Whatever the sanction, it must be "just" and "specifically related to the particular 'claim' which was at issue" in the discovery order.  *Estate of Spear v. Comm'r of IRS*, 41 F.3d 103, 109, 111 (3d Cir. 1994) (quoting *Ins. Corp. of Ireland v. Compagnie Des Bauxites*, 456 U.S. 694, 707 (1982)).

## III

Sample violated the Court's orders and the City Defendants seek dismissal of the suit with prejudice.  Before granting a sanction "tantamount to default judgment"

under Rule 37(b), the Court must determine whether such a sanction would be justified under the *Poulis* factors. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986) (requiring *Poulis* analysis where a court's sanction resulted in partial summary judgment against the defendants)). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* 409 n.2 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "[N]o single . . . factor is dispositive," and there is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted).

The Court's analysis in its August 5 Memorandum now applies to the City Defendants, *see Sample*, 2025 WL 2233661, at *3–*4, because Sample violated the Court's August 5 Order. Applying Poulis, Sample is personally responsible for violating his discovery obligations; has stymied discovery that could enable the City Defendants to test the veracity of Sample's claims and prepare for trial; has ignored his counsel's efforts to contact him for over two years and violated Court orders in the process; and a lesser sanction would not prompt Sample to communicate with his counsel and provide the necessary assistance. *See id.* With five factors favoring dismissal, the Court dismisses Sample's claims against the City Defendants with prejudice.

An appropriate Order follows.

5

BY THE COURT:


***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.